735 So.2d 1099 (1999)
Roy COLENBURG, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00532-COA.
Court of Appeals of Mississippi.
March 23, 1999.
*1100 M.A. Bass, Jr., Hazlehust, Joyce W.C. Ngarariga Funches, Jackson, Attorneys for Appellant.
Office of the Attorney General by Jolene M. Lowry, Attorneys for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
LEE, J., for the Court:
¶ 1. On August 29, 1996, Roy Colenburg was indicted for the unlawful sale of crack cocaine. After a trial by jury on October 14, 1996, the jury returned a verdict of guilty and sentenced Colenburg to serve a term of thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by this judgment, Colenburg now files this appeal assigning as error that: (1) the trial court overruled the defendant's motion for a directed verdict at the close of the State's case; and that (2) the trial court failed to grant a mistrial on the basis that the defendant did not receive effective assistance of counsel. Finding no error to these assignments, we affirm the judgment of the Circuit Court of Jefferson County.

FACTS
¶ 2. On May 22, 1996, Mason Trunell, a confidential informant working under cover in Fayette, Mississippi, met with Sargent Cotton of the Mississippi Bureau of Narcotics. At this meeting, Cotton wired Trunell, gave him $60 of official state funds, and placed a hidden camera in his car. Trunell then drove alone to an area of Fayette called "the ghetto." When Trunell got there he stopped his car and blew the horn. The, appellant, Roy Colenburg, then approached the vehicle, and Trunell asked him if he had anything. Colenburg asked Trunell what he wanted and asked if he wanted a twenty. Colenburg turned around, said something to an unidentified person, and then got into the car with Trunell. The unidentified person then came to the car, gave cocaine to Trunell, and Trunell paid him $60 in return. Colenburg was arrested, tried, and found guilty of aiding and abetting the sale of cocaine.

ISSUES

I. THE TRIAL COURT DID NOT ERR IN OVERRULING THE DEFENDANT'S MOTION FOR JNOV/ NEW TRIAL.
¶ 3. The Mississippi Supreme Court has stated its standard of review for testing the sufficiency of the evidence of motions for directed verdict, peremptory instruction, and JNOV as follows:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence ... in the light most consistent with the verdict. We give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have *1101 found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict is thus placed beyond our authority to disturb.
Garrett v. State, 549 So.2d 1325, 1331 (Miss.1989) (quoting McFee v. State, 511 So.2d 130, 133-34 (Miss.1987)). If there is sufficient evidence to support a verdict, the motion for a directed verdict must be overruled. Roberson v. State, 595 So.2d 1310 (Miss.1992); Barnwell v. State, 567 So.2d 215 (Miss.1990).
¶ 4. In reviewing the State's evidence in its entirety, it is clear that the State provided sufficient evidence at trial to allow the jury to determine that Colenburg was guilty of the sale of cocaine on the theory of aiding and abetting. Evidence presented by the confidential informant and law enforcement showed that Colenburg approached the informant's vehicle and asked him if he wanted a "twenty." Colenburg turned and yelled out to someone else to bring a "twenty", and Colenburg then told the informant that the other person would "hook him up." There was testimony by experienced law enforcement officers familiar with the drug trade that this language was that used by drug dealers and that Colenburg was facilitating the sale. There was also sufficient evidence in the record to permit the jury to draw the inference that Colenburg was aiding and abetting the sale of cocaine. Considering all of the evidence presented at trial in the light most consistent with the verdict, and giving the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence, applying the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial judgment might have found Colenburg guilty of the sale of cocaine on the theory of aiding and abetting. This Court finds that the trial court was thus not in error in denying Colenburg's motion for JNOV/new trial on this basis.

II. THE TRIAL COURT WAS NOT IN ERROR IN FAILING TO SUA SPONTE GRANT A MISTRIAL ON THE BASIS THAT THE DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 5. The procedure that is followed in this state that gives this Court the authority to reach the merits on an ineffective assistance of counsel issue on direct appeal, even though the matter was not first presented to the trial court, is enunciated in Read v. State, 430 So.2d 832, 841 (Miss.1983). This requires that: (1) the record affirmatively show ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge. The prescribed procedural rules are as follows:
Assuming that the Court is unable to conclude from the record on appeal that defendant's trial counsel was constitutionally ineffective, the Court should then proceed to decide the other issues in the case. Should the case be reversed on other grounds, the ineffectiveness issue ... would become moot. On the other hand, if the Court should otherwise affirm, it should do so without prejudice to the defendant's right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.
* * *
If, after affirmance ..., the defendant wishes to do so, he may then file an appropriate post-conviction proceeding raising the ineffective assistance of counsel issue. See Berry v. State, 345 So.2d 613 (Miss.1977); Callahan v. State, [426 So.2d 801 (Miss.1983)]. Assuming that his application states a claim, prima facie, *1102 he will then be entitled to an evidentiary hearing on the merits of that issue in the Circuit Court of the county wherein he was originally convicted. Once the issue has been formally adjudicated by the Circuit Court ... the defendant will have the right to appeal to this Court as in other cases.
* * *
Only in those cases where the Court cannot decide the ineffective assistance of counsel issue on the record presented on direct appeal and in those cases where the judgment of conviction is otherwise affirmed will it be necessary actually to hold evidentiary hearings.
Read, 430 So.2d at 841-42.
¶ 6. Read clearly requires that the inquiry of the ineffective assistance of counsel issue, when raised on direct appeal, be confined strictly to the record. A court of appeals only acts upon matters contained in the official record and not upon assertions in briefs. Saucier v. State, 328 So.2d 355, 357 (Miss.1976). "Facts asserted to exist must and ought to be definitely proved and placed before [the Court] by a record, certified by law; otherwise, [the Court] cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss. 1983). The Court "does not act upon innuendo and unsupported representation of fact by defense counsel." Gerrard v. State, 619 So.2d 212, 219 (Miss.1993).
¶ 7. The propriety of raising the issue of effective assistance of counsel on direct appeal was established in Read. Since then, it has become commonplace for convicted defendants, after trial, to hire or obtain new counsel and argue the ineffective assistance of counsel as a ground for reversal on direct appeal. Read, however, did not alter the fundamental nature of the appeal process, nor did it convert the Court from an appellate court into a trial court on the issue of the performance of a defendant's trial counsel. It applies to this issue as it does to any other presented or reviewed on direct appeal, that an appellate court sits to "review and revise, if necessary, judicial decisions of inferior tribunals." Glenn v. Herring, 415 So.2d 695, 698 (Miss.1982). "The jurisdiction which properly belongs to a court of appeal includes only such as is of a revisory character, and necessarily implies that the matter revised must be a judicial decision, rendered by a tribunal clothed with judicial power." Illinois Cent. R. Co. v. Dodd, 105 Miss. 23, 61 So. 743, 743 (1913).
¶ 8. The question presented on this appeal is not whether trial counsel was or was not ineffective but whether the trial judge, as a matter of law, had a duty to declare a mistrial or to order a new trial, sua sponte on the basis of trial counsel's performance. "Inadequacy of counsel" refers to representation that is so lacking in competence that the trial judge has the duty to correct it so as to prevent a mockery of justice. Parham v. State, 229 So.2d 582, 583 (Miss.1969). To reason otherwise would be to cast the appellate court in the role of a finder of fact; it does not sit to resolve factual inquiries. Malone v. State, 486 So.2d 367, 369 n. 2 (Miss.1986). Read clearly articulates that the method that the issue of a trial counsel's effectiveness can be susceptible to review by an appellate court requires that the counsel's effectiveness, or lack thereof, be discernable from the four corners of the trial record. This is to say that if this Court can determine from the record that counsel was ineffective, then it should have been apparent to the presiding judge, who had the duty, under Parham, to declare a mistrial or order a new trial sua sponte.
¶ 9. The Mississippi Supreme Court has adopted the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in determining whether a claim of ineffective assistance of counsel should prevail. Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992); Knight v. State, 577 So.2d 392, 394 (Miss.1991); Barnes v. State, 577 So.2d 840, 841 (Miss.1991); McQuarter v. *1103 State, 574 So.2d 685, 687 (Miss.1990); Waldrop v. State, 506 So.2d 273, 275 (Miss. 1987); Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Rankin v. State, 636 So.2d 652, 656 (Miss.1994) enunciates the application of Strickland:
The Strickland test requires a showing that counsel's performance was sufficiently deficient to constitute prejudice to the defense. McQuarter, 574 So.2d at 687. The defendant has the burden of proof on both prongs. A strong but rebuttable presumption, that counsel's performance falls within the wide range of reasonable professional assistance, exists. McQuarter, 574 So.2d at 687; Waldrop, 506 So.2d at 275. The defendant must show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss. 1992); Ahmad a/k/a Coleman v. State, 603 So.2d 843, 848 (Miss.1992).
Viewed from the totality of the circumstances, this Court must determine whether counsel's performance was both deficient and prejudicial. Carney v. State, 525 So.2d 776, 780 (Miss.1988); Waldrop, 506 So.2d at 275; Read v. State, 430 So.2d 832, 839 (Miss.1983). Scrutiny of counsel's performance by this Court must be deferential. Ahmad, 603 So.2d at 848. If the defendant raises questions of fact regarding either deficiency of counsel's conduct or prejudice to the defense, he is entitled to an evidentiary hearing. Alexander, 605 So.2d at 1173. Where this Court determines defendant's counsel was constitutionally ineffective, the appropriate remedy is to reverse and remand for a new trial.
In short, a convicted defendant's claim that counsel's assistance was so defective as to require reversal has two components to comply with Strickland. First, he must show that counsel's performance was deficient, that he made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that counsel's errors deprived him of a fair trial with reliable results.
¶ 10. Colenburg claims, with the aid of new appellate counsel, that his trial counsel rendered ineffective assistance to such a degree that the trial judge should have been compelled to grant a mistrial on his own motion. He asserts, as evidence of his ineffectiveness, that trial counsel failed to: (1) request a peremptory instruction at the close of all of the evidence, or to file a motion JNOV; and (2) preserve for appeal the objection that Colenburg's sentence was excessive and disproportionate causing it to constitute cruel and unusual punishment in violation of state and federal constitutions.
¶ 11. With regard to the first allegation, the record clearly indicates that trial counsel did make a motion for JNOV at the close of all the evidence, ore tenus, on the basis that he did not believe that there was a material issue for the jury since the testimony was contradictory. The trial judge overruled the motion, stating that whether or not the defendant aided and abetted in the sale of cocaine was a matter properly left for determination to the jury. The record thus renders Colenburg's complaint with respect to this portion of the assignment moot.
¶ 12. With respect to Colenburg's sentence, the sentence of thirty years is clearly within the statutory authority of the judge to impose. Generally, when a sentence is within limits fixed by the statute, the Court will not reverse on the ground that the lower court imposed an excessive sentence and abused its discretion. The Mississippi Supreme Court in Sanders v. State, 678 So.2d 663, 669 (Miss.1996), held that a sentence imposed for cocaine possession with intent to deliver, requiring the defendant to serve thirty years without the possibility of early parole, was not excessive and did not constitute cruel and unusual punishment.
*1104 ¶ 13. Cocaine is listed in Schedule II of controlled substances, Miss.Code Ann. § 41-29-115 (Rev.1993). Section 41-29-139 Miss.Code Ann. states as follows:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance;
* * *
(b) Except as otherwise provided in subsection (f) of this section or in Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:
(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115,... such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than One Thousand Dollars ($1,000) not more than One Million Dollars ($1,000,000)....
¶ 14. Proof was presented at trial to show each and every element of the statute beyond a reasonable doubt. The court merely followed the statutory guidelines for the imposition of the sentence, and we find no merit to Colenburg's allegation regarding its length as cruel and disproportionate.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY OF CONVICTION OF THE UNLAWFUL SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.