DIAZ, J., for the Court:
¶ 1. Alvis Joe Hopson appeals the decision of the Lafayette County Circuit Court convicting him of sexual battery. Hopson raises the following issue in this appeal: whether the State’s evidence was sufficient to convict him of the crime of sexual battery. Finding no error, we affirm.
FACTS
¶2. On December 21, 1996, J.W., the victim, was at the mobile home of her friend and neighbor, Walter Love. J.W. and her children were spending the night at the Love residence because the gas had been turned off to her mobile home. J.W. testified that she and her children were sleeping on the couch and that she was fully clothed.
¶ 3. According to J.W., Alvis Joe Hopson woke her up, hit her, and forcibly removed her clothes. She testified that he forced her into another room, got on top of her, partially inserted his penis into her vagina, and ultimately ejaculated on her. J.W. stated that she fought Hopson during the entire episode. J.W. further testified that a car drove up and Love entered the house. At this point, she said that she left the house holding her clothes and wrapped in a blanket. J.W. went directly to her sister’s house. Her sister called the police. J.W. was taken to the emergency room that night. Hopson was arrested by Officer Searn Lynch while Deputy Dennis Carwyle took J.W. to the emergency room.
¶ 4. Dr. Timothy Lamb, the emergency room physician, testified that he examined J.W. that night. Dr. Lamb testified that from his examination he determined that the external genitalia was normal and that he did not find any trauma. He further testified that he did not find any modal or non-modal sperm in the laboratory results. However, Dr. Lamb stated that someone could be raped without bruises on the genitalia developing.
¶ 5. After a jury trial, Hopson was found guilty of the crime of sexual battery. He was sentenced to serve a term of fifteen years with five years suspended in the custody of the Mississippi Department of Corrections. Feeling aggrieved, Hopson appeals that decision.
DISCUSSION
WHETHER THE STATE’S EVIDENCE WAS SUFFICIENT TO CONVICT HOPSON OF THE CRIME OF SEXUAL BATTERY
¶ 6. A challenge to the sufficiency of the evidence requires an analysis of the evidence by the trial judge to determine whether a hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. May v. State, 460 So.2d 778, 781 (Miss.1984). If the judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion for a directed verdict and JNOV. Id. If he concludes that a reasonable juror could find the defendant guilty *229 beyond a reasonable doubt, then he must deny the motion. Id. This Court’s scope of review is limited to the same examination as that of the trial comb in reviewing the motions for directed verdict and JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. Blanks v. State, 542 So.2d 222, 225-26 (Miss.1989). Of course, the opposite is also true. In Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995), the Mississippi Supreme Court held that it may only reverse where after considering “one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty.”
¶ 7. Mississippi Code Annotated Section 97-3-95 (Rev.1994) states in pertinent part:
(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent....
¶ 8. Mississippi Code Annotated Section 97-3-97 (Rev.1994) lists the definitions relating to Sections 97-3-95 through 97-3-103:
(a) “Sexual penetration” includes ... any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body.
¶ 9. In the case sub judice, legally sufficient evidence existed to find Hopson guilty beyond a reasonable doubt. J.W. testified that Hopson inserted his penis into her vagina but that “he did not go all the way up in me.” Thereafter, J.W. responded affirmatively when asked, “Well ... it doesn’t matter how far[,] did he insert his penis in your vagina?” With J.W.’s testimony, the State made out its prima facie case by showing that Hopson partially inserted his penis in J.W.’s vagina which meets the definition of sexual penetration as defined by Section 97-3-97. Additionally, the arresting officer testified that Hopson admitted to him that he was trying to have sexual relations with J.W. but that he did not rape her. Deputy Carwyle testified that J.W. was hysterical and had a swollen face and ripped clothes. Dr. Lamb, the treating physician in the emergency room, testified that J.W.’s examination revealed some bruises and bite marks on her breast and behind her ear. However, Dr. Lamb stated that he did not find any modal or non-modal sperm but that is not necessarily inconsistent with rape.
¶ 10. Hopson testified that he never assaulted J.W. and that she spiked his drink while he was in the bathroom. Nevertheless, the State put forth sufficient, credible evidence; therefore, the trial judge was required to leave the final decision of guilt or innocence to the jury. Accordingly, Hopson’s claim that sufficient evidence did not exist to convict him is without merit.
¶ 11. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY WITH A SENTENCE OF FIFTEEN YEARS IN WITH FIVE YEARS SUSPENDED AND TEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., DISSENTING WITH SEPARATE WRITTEN OPINION.
MOORE, J., NOT PARTICIPATING.