GRIFFIS, P.J.,
for the Court:
¶ 1. David Gill appeals his conviction of sexual battery. Gill argues: (1) the trial court erred when it denied his post-trial motions, (2) the trial court committed plain error in allowing an erroneous jury instruction, and (3) he was provided ineffective assistance of counsel. We find no error and affirm.
FACTS
¶ 2. On August 9, 2010, Gill was indicted for sexual battery of D.G., a female under the age of eighteen. Gill was indicted under Mississippi Code Annotated section 97-3-95(2) (Rev.2006) for sexual battery of a minor by one in a position of authority over the minor.
¶ 3. D.G.[1] testified that Gill was her grandfather. She lived in his home along with her father, J.G. When she was fifteen, D.G. and her father moved into Gill’s home after the death of her mother. D.G. also testified that her father worked away from home during the week, leaving her often alone with her grandfather.
¶ 4. D.G. testified that she was alone at home with Gill on June 12, 2010. After Gill told D.G. that he wanted to talk to her, she went into Gill’s bedroom. He removed her clothes. He then penetrated her vagina with his tongue and fingers. D.G. remembered that Gill slapped her in the face as well, which resulted in an abrasion on her lower lip. D.G. also testified that Gill attempted to have sex with her. On redirect, D.G. testified that she spent as much time as she could away from home because Gill made her uncomfortable. She did not want to have to deal with him or his demands, such as not being allowed to have her friends visit her in his home. She also claimed that there were other similar incidents during the six or seven months preceding the incident in question.
¶ 5. After the June 12 incident, D.G. went to the emergency room at East Mississippi Medical Center in West Point, Mississippi. Daniel Livingston testified that he was an emergency-room nurse at East Mississippi Medical Center when D.G. came in for an examination. Livingston examined D.G. He testified that D.G. had an abrasion on her lip, which D.G. claimed was caused by her grandfather slapping her. Livingston also testified that D.G. was upset and crying and told him she had been penetrated by her grandfather.
¶ 6. James Faris, a Lowndes County Sheriffs Department investigator, interviewed D.G. and began his investigation of the incident. Gill unexpectedly came to Investigator Faris’s office to make a statement. In his first statement, Gill denied having touched D.G. He also claimed that she was drinking his liquor and smoking marijuana, and that she had previously had a child. Gill believed she was making accusations because she wanted to move *131 out on her own. Gill was willing to have a mouth swab taken for DNA-analysis purposes.
¶ 7. Gill contacted Investigator Faris again to make a second statement. This time, Gill told Investigator Faris he wanted to tell the truth. Gill gave a statement in which he admitted to having penetrated D.G., but claimed that she consented to this activity because he was paying her to do so. He also claimed that D.G. was both drinking and using drugs.
¶ 8. Gill’s statements were admitted into evidence. The record also established that D.G.’s birthday was September 3, 1993. She was sixteen years old at the time of the incident. The record also established that Gill was D.G.’s grandfather, and his birthday was May 14, 1938. Gill was seventy years old at the time of the incident.
¶ 9. The jury found Gill guilty of sexual battery by one who is in a position of authority over a child under the age of eighteen years old. Miss.Code Ann. § 97-3-95(2) (Rev.2006). He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). Gill filed a post-trial motion for a judgment notwithstanding the verdict (JNOV). The motion was denied.
ANALYSIS

1. The circuit court properly denied Gill’s motion for a JNOV.

¶ 10. In his post-trial motion, Gill argued that the State failed to prove that he was in a position of trust or authority over D.G., as required by Mississippi Code Annotated section 97-3-95(2) (Rev.2006). Section 97-3-95(2) provides:
A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child’s teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.
¶ 11. Gill cites to this Court’s decision in Campbell v. State, 125 So.3d 58 (Miss.Ct.App.2012), where this Court reversed and rendered the conviction of David Campbell after finding that the State failed to prove that Campbell occupied a position of trust or authority as defined by Mississippi Code Annotated section 97-5-23(2) (Rev.2006). On August 1, 2013, the supreme court reversed the judgment of this Court and reinstated the judgment of conviction. Campbell v. State, 125 So.3d 46 (Miss.2013). The supreme court found that there was sufficient evidence to establish Campbell was in a position of trust or authority. Id. at 51 (¶ 9). Campbell does not support Gill’s position.
¶ 12. “[A] motion for a JNOV challenged the legal sufficiency of the evidence.” Wells v. State, 57 So.3d 40, 45 (¶ 10) (Miss.Ct.App.2011) (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). We will not disturb the circuit court’s ruling if, viewing the evidence in the light most favorable to the State, “the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Id. (quotation marks omitted).
¶ 13. A motion for a new trial is a challenge to the weight of the evidence. In reviewing the denial of a motion for a new trial, “we will only disturb [the] verdict when it is so contrary to the overwhelming weight of the evidence that to *132 allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d. at 844 (¶ 18). The evidence must be viewed in the light most favorable to the verdict. Id.
¶ 14. Here, under either standard, the evidence was sufficient to find Gill guilty of sexual battery beyond a reasonable doubt. D.G. testified that while her father traveled for work, she was left with Gill, her grandfather, at his house. During this time, D.G. was under Gill’s authority and control. She was subject to Gill’s rules; for instance, she was not allowed to have her friends over to the house.
¶ 15. D.G. also testified that Gill penetrated her vagina with his tongue and his fingers. Gill’s statement to the police corroborated D.G.’s testimony as to this incident. Gill confessed that D.G. was at his home and under his authority when he penetrated her with his tongue and his fingers. He also admitted that he had engaged in sexual acts on several previous occasions with D.G. in exchange for money. ' Livingston testified as to D.G.’s physical and emotional condition after the incident and about D.G.’s statements that her grandfather penetrated and slapped her. Also, there was evidence that D.G. was under the age of eighteen and Gill was seventy years old.
¶ 16. This Court has found the victim’s accusation of penetration, officer testimony regarding an admission by the defendant that he attempted to have sexual intercourse with the victim, and physician and officer testimony regarding the victim’s condition after the incident to be sufficient credible evidence to support a sexual-battery conviction. Hopson v. State, 749 So.2d 227, 229 (¶ 9) (Miss.Ct.App.1999). Further, this Court has interpreted the statutory element regarding the minor victim being under the care and control of the defendant “to state that any person in control of the care of the child, including, but not limited to, the named classification of individuals, can be held accountable for this crime.” Blackmon v. State, 803 So.2d 1253, 1256 (¶ 13) (Miss.Ct.App.2002). Although Gill, as D.G.’s grandfather, is not specifically within one of the named classes, there was sufficient evidence of his control over D.G.’s care based on the testimony of D.G. and Gill’s statement to the police.
¶ 17. We find that there was sufficient evidence for the jury to conclude that Gill was in a position of trust or authority over D.G. at the time the crime occurred. This issue is without merit.

2. The circuit court did not commit plain error in allowing Jury Instruction S-2 to be read to the jury.

¶ 18. Gill next argues that the circuit court erred by allowing Jury Instruction S-2 to be read to the jury. Jury Instruction S-2 provided:
The court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the Defendant, DAVID GILL, did on or about June 12, 2010, unlawfully, willfully, and feloniously engage in sexual penetration with D.G., a child under the age of eighteen (18), by licking her private parts and inserting his fingers, while he, DAVID GILL, was in a position of trust or authority over D.G., DAVID GILL, being her grandfather, then you shall find the Defendant guilty of Sexual Battery as charged. If the State has failed to prove any of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
¶ 19. Gill argues that this instruction was misleading. Specifically, Gill claims that the instruction would make the jury believe that Gill, being her grandfather, was automatically in a position of trust or *133 authority over D.G. Thus, the jury would be precluded from making a determination whether or not Gill was in a position of trust or authority over her.
¶ 20. During the jury-instruction conference, Gill’s counsel stated: “[I]t’s a fair statement of the law,” referring to Jury Instruction S-2. Therefore, this issue is procedurally barred. When a party fails to make a contemporaneous objection, the appellate court is under no obligation to review the assignment of error. Caston v. State, 823 So.2d 473, 503 (¶ 102) (Miss.2002).
¶ 21. Gill argues that notwithstanding the procedural bar, this Court has the power to reverse based on a misleading jmy instruction if this Court finds that the trial court committed plain error that would affect Gill’s fundamental rights by allowing the erroneous jury instruction. See Berry v. State, 728 So.2d 568, 571 (¶ 6) (Miss.1999). We find, however, that the jury instruction was properly given.
¶ 22. When we review a challenge to a jury instruction, we read the instructions as a whole, and if the instructions fairly state the law of the case and create no injustice, then we will not find reversible error. Wilson v. State, 72 So.3d 1145, 1156 (¶ 31) (Miss.Ct.App.2011) (citations omitted). The supreme court has “consistently held that instructions in a criminal case which follow the language of a pertinent statute are sufficient.” Rubenstein v. State, 941 So.2d 735, 772 (¶ 155) (Miss.2006) (quoting Byrom v. State, 863 So.2d 836, 880 (¶ 163) (Miss.2003)).
¶ 23. Jury instruction S-2 is based on the statutory language of the crime of sexual battery, under Mississippi Code Annotated section 97-3-95(2). In fact, this instruction followed the language of the statute. Thus, it did not constitute plain error.
¶24. Gill’s point of contention is that the instruction seems to inform the jury that he was automatically in a position of trust or authority over D.G. because he was her grandfather. But the instruction clearly asks the jury to determine whether Gill was in a position of trust or authority at the time he penetrated D.G. We find that the instruction fairly states the law of the case, and it does not create an injustice. As a result, we do not find reversible error. This issue is without merit.

3. Gill was provided effective assistance of counsel.

¶ 25. Finally, Gill argues that he was deprived of his constitutional right to effective assistance of counsel, and as a result, was convicted of sexual battery and sentenced to twenty years in the custody of MDOC. Gill cites several alleged missteps by his counsel to support his ineffective-assistance-of-counsel claim.
¶ 26. To prove ineffective assistance of counsel, Gill must show that (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Gill to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694.
¶ 27. The merits of a claim of ineffective assistance of counsel brought on direct appeal should be addressed only when “(1) the record affirmatively show[s] ineffectiveness of constitutional dimen *134 sions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Colenburg v. State, 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct.App.1999). The supreme court has held:
The question presented ... is not whether trial counsel was or was not ineffective but whether the trial judge, as a matter of law, had a duty to declare a mistrial or to order a new trial[ ] sua sponte on the basis of trial counsel’s performance. “Inadequacy of counsel” refers to representation that is so lacking in competence that the trial judge has the duty to correct it so as to prevent a mockery of justice. Parham v. State, 229 So.2d 582, 583 (Miss.1969).
Colenburg, 735 So.2d at 1102 (¶ 8). If this Court does not reverse on other grounds and is unable to conclude that the defendant received ineffective assistance of counsel, it should affirm “without prejudice to the defendant’s right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.” Id. at 1101 (¶ 5). Review of an ineffective-assistance-of-counsel claim on direct appeal is “confined strictly to the record.” Id. at 1102 (¶ 6).
¶ 28. Gill alleges several instances in which his counsel provided deficient representation. He claims the following errors adversely affected the outcome of his case: the defense counsel’s failure to suppress the confession, failure to obtain potential exculpatory evidence, failure to interview important witnesses, failure to obtain a mental examination of Gill, failure to object to Jury Instruction S-2, and failure to obtain and present mitigating evidence during the sentencing phase of the trial. Yet Gill faces a great burden to prove that such deficiencies warranted that the circuit judge declare a mistrial sua sponte. Further, our review of the record reveals that we have no reason to second guess counsel’s trial strategy.
¶ 29. As this Court held in Hancock v. State, 964 So.2d 1167, 1175 (¶ 18) (Miss.Ct.App.2007):
[A] strong presumption exists “that the attorney’s conduct fell within the wide range of reasonable professional assistance.” Carr v. State, 873 So.2d 991 [,1003] (¶ 27) (Miss.2004). “Counsel’s choice[s] of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy” and will not stand as support for an ineffective assistance of counsel claim. Id. (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)).
¶ 30. We find no obvious deficiencies that imposed a duty upon the circuit court to declare a mistrial. As such, we deny relief on this issue without prejudice so that Gill may, if he desires to do so, present a claim of ineffective assistance of counsel in a motion for post-conviction collateral relief.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A FINE OF $5,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The initials are used to conceal the actual name of the minor victim.