JAMES, J.,
for the Court:
¶ 1. Rumond McNair was found guilty of forcible rape, and sentenced to thirty-five years of incarceration. McNair filed a pretrial motion to offer additional evidence, and the trial court denied his motion. McNair now appeals raising the following issues: (1) whether the trial court erred in prohibiting McNair from entering additional evidence; (2) whether McNair had ineffective assistance of counsel; and (3) whether the evidence presented at trial was insufficient to convict McNair beyond a reasonable doubt. We find the issues raised to be without merit, and affirm.
FACTS
¶ 2. On February 20, 2011, Lena Johnson [1] left her home on foot to visit a neighbor, Jack Herd. Lena passed through the grounds of the local school on the way to Herd’s house. After she reached Herd’s back door, she heard McNair calling out to her saying that she dropped something in the backyard. After she told her friend Mandi that she was going to look for the item she dropped, she followed McNair back to the schoolyard. She asked McNair where she dropped the item. She looked for the item for a short time and decided to look for it the next morning. As she was leaving, McNair grabbed her wrist and put a gun to her neck. He told her, “Bitch you’re going to give it up.” McNair took off Lena’s shoes, and Lena took off her jeans and panties. McNair then forced Lena to have sexual intercourse with him.
¶ 3. Lena went back to Jack’s house partially dressed. Lena told her friend Mandi what happened with McNair, whom she recognized by his street name, “Mon.” Lena also told her daughter what happened with McNair. Lena initially did not go to the police or hospital. Four days later Lena spoke with the police. Pictures were taken of bruises on Lena’s arms and legs.
¶ 4. An arrest warrant was issued for McNair, and he was taken into custody on February 28, 2011. Once in custody, McNair stated that on February 20, 2011, at 7 p.m. he was at his grandmother’s house. The police informed McNair that there were witnesses that placed him at Herd’s house at the time of the incident. McNair then admitted to having sex with Lena. McNair told police that he was walking across the schoolyard when he saw Lena standing alone and crying, and *847 he tried to talk to her. But she started to take his clothes off, and they had consensual sex.
¶ 5. DNA testing was conducted on the underwear that Lena was wearing the night of the incident. McNair’s DNA was present on Lena’s underwear. McNair told police that he did not know Lena before they had sex. Before trial, but after discovery had been conducted, McNair claimed that prior to the evening of the incident, he and Lena had engaged in sexual intercourse on numerous occasions and sometimes traded drugs for sex. According to McNair, on the night of the incident, he and Lena were crossing the schoolyard when Lena asked him for crack cocaine in exchange for sex. McNair agreed to the arrangement and gave Lena crack cocaine after they had intercourse.
¶ 6. On January 18, 2012, the day before his trial was to begin, McNair sought to have his statements about prior liaisons with Lena and the exchange of drugs admitted into evidence. The trial court excluded the statements because of McNair’s failure to comply with the requirements of Mississippi Rule of Evidence 412. McNair did not give the State fifteen days’ notice before trial and failed to attach the required written narrative to the motion. As a result, McNair was not permitted to testify regarding any past sexual behavior between him and Lena or prior drug use.
¶ 7. McNair’s trial counsel was instructed to make any proffer related to the evidence that had previously been excluded at the end of the first day of trial. Trial counsel then proffered what McNair would have testified to if he were allowed to testify further about Lena’s past sexual history and drug transactions. At the conclusion of the trial, the jury found McNair guilty of forcible rape, and the trial court sentenced him to a term of thirty-five years in the custody of the Mississippi Department of Corrections. McNair filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The post-trial motion was denied. McNair appeals.
STANDARD OF REVIEW
¶ 8. “Denials of motions for a JNOV or a new trial involve two different standards of review. We review denials of motions for a new trial based on the weight of the evidence, while we review denials of motions for a JNOV based on the sufficiency of the evidence.” Braggs v. State, 121 So.3d 269, 272 (¶ 6) (Miss.Ct.App.2013). The trial court has broad discretion over the admission of evidence, and we will not reverse absent an abuse of discretion. Hargett v. State, 62 So.3d 950, 952 (¶ 7) (Miss.2011).
DISCUSSION
I. Whether the trial court erred in excluding evidence related to the victim’s prior sexual history and drug use.
¶ 9. Prior to trial, McNair sought to introduce evidence that he and Lena had consensual sex in the past in exchange for drugs. According to McNair, on the night of February 20, 2011, Lena approached him for sex. McNair agreed to have sexual intercourse, after which he gave Lena cocaine and they parted ways.
¶ 10. The trial court denied McNair’s motion to enter the testimonial evidence, excluding McNair from testifying to any prior sexual relations or drug transactions between him and Lena. McNair argues that the trial court erred in denying his motion and, in doing so, prevented him from presenting his theory of the case at trial.
¶ 11. According to the Mississippi Rules of Evidence, in criminal cases involving *848 sexual offenses, reputation or opinion evidence of past sexual behavior is generally inadmissible. M.R.E. 412(a). But past sexual behavior between a victim and the accused may be admissible provided that the evidence is specifically being introduced for the purpose of proving consent. M.R.E. 412(b)(2)(B).
¶ 12. Here, McNair sought to enter evidence regarding past liaisons with Lena to prove that the intercourse was consensual. However, Mississippi Rule of Evidence 412(c) requires that the accused submit a written motion not less than fifteen days before trial, and the motion must contain a written narrative of the offer of proof. McNair failed to follow the proper procedure by filing the motion one day before trial. Further, there is no written narrative that includes the proof that McNair sought to enter into evidence. Id.
1Í13. The prosecution argued that a proper response could not be effectively made without a timely and full disclosure of the testimony. The State was not provided any evidence on when the sexual acts allegedly occurred. The lack of a timely and full disclosure of this information made it impossible to determine whether the evidence should have been admitted.
¶ 14. The trial court found that the testimony offered by McNair was not newly discovered evidence. The trial court stated:
This is evidence that is coming from the Defendant’s mind, he knows these things, and ... there’s nothing to justify the Defense from not having filed the motion and putting a written offer of proof with it to give the State an opportunity to properly address this and be prepared to address it at any hearing that might have been required when it’s just filed that day before without the necessary attachment.
The trial court properly denied the defense attorney’s request to introduce evidence of the victim’s prior sexual activity or drug use. However, McNair was allowed to testify as to the events that occurred on the day of the rape. The trial court properly excluded evidence relating to the prior sexual activity and drug use of the victim.
II. Whether McNair had ineffective assistance of counsel.
¶ 15. McNair next argues that his trial counsel was ineffective in seeking to admit or proffer the testimonial evidence about Lena’s sexual history. McNair argues that his trial counsel did not make a complete proffer of evidence when he was given the opportunity at the end of the first day of trial. He also argues that trial counsel did not properly object to certain testimony, and this failure allowed improper character evidence to be admitted about him. Due to the serious nature of the charges that McNair was facing, McNair contends these errors proved to be detrimental.
¶ 16. When an ineffective-assistance-of-counsel claim is brought on direct appeal, the merits of the claim should be “addressed only when ‘(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.’ ” Gill v. State, 126 So.3d 128, 138-34 (¶27) (Miss.Ct.App. 2013). After reviewing the record, we find that neither requirement is satisfied, and we deny relief on this issue and dismiss McNair’s claim without prejudice. Id. at 134 (¶ 27). McNair may present this claim in a motion for post-conviction collateral relief if he sees fit.
*849 III. Whether the evidence presented at trial was insufficient to convict McNair beyond a reasonable doubt.
¶ 17. Finally, McNair asserts that the evidence presented at trial was insufficient to support his conviction beyond a reasonable doubt. Although not listed as an assignment of error, McNair also argues under this issue that the jury did not get to hear the entire story, and the guilty verdict is contrary to the weight of the evidence offered at trial. As a result, he contends, his motion for a JNOV or a new trial should have been granted.
¶ 18. A motion for a JNOV raises the issue of whether or not the evidence is sufficient. Johnson v. State, 29 So.3d 738, 749 (¶ 35) (Miss.2009). As a result, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id.
¶ 19. We find that there was sufficient evidence presented to support McNair’s conviction of rape. The Mississippi Supreme Court has held that “[a]n individual may be found guilty of rape on the uncorroborated testimony of the prosecuting witness, where the testimony is not discredited or contradicted by other credible evidence.” Parramore v. State, 5 So.3d 1074, 1077 (¶ 12) (Miss.2009). Lena’s testimony was corroborated by her daughter, her friend Mandi, bruises found on her arms and legs, and DNA evidence. Therefore, we find there was sufficient evidence to support McNair’s conviction of rape.
¶ 20. In the same motion in which he requested a JNOV, McNair asked for a new trial in the alternative. In the motion, McNair argued that the verdict of the jury was contrary to the overwhelming weight of the evidence. The Mississippi Supreme Court has stated that in reviewing this issue, the appellate court “will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). Here, Lena’s testimony is supported by the testimony of her daughter and Mandi, and by DNA evidence. Viewing the evidence most favorably to the verdict, we find that the verdict is not contrary to the overwhelming weight of the evidence.
¶ 21. These issues are without merit.
CONCLUSION
¶ 22. We find that the trial court did not abuse its discretion in excluding the evidence offered by McNair. The motion to offer evidence was not filed in a timely manner, and no narrative was attached to the motion. We also find that we cannot address the merits of McNair’s ineffective-assistance-of-counsel claim because it failed to meet the standards previously articulated by this Court. Finally, we find that there was sufficient evidence to support McNair’s conviction, and the conviction was not against the weight of the evidence. The victim’s testimony was corroborated by witnesses and was not discredited. Accordingly, the judgment of the Rankin County Circuit Court is affirmed.
¶ 23. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF RAPE AND SENTENCE OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED, FOLLOWED BY FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS *850 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.

. The Court of Appeals declines to identify sexual-assault victims. In the interest of the victim’s privacy, the victim’s name has been substituted with an alias.