977 So.2d 400 (2008)
Jerry Demetrius DELOACH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-02103-COA.
Court of Appeals of Mississippi.
March 18, 2008.
*401 W. Daniel Hinchcliff, attorney for appellant.
Office of the Attorney General by Deshun T. Martin, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. On November 29, 2006, Jerry Demetrius Deloach was convicted of burglary of a church in the Circuit Court of Lowndes County, Mississippi and sentenced to serve fourteen years in the custody of the Mississippi Department of Corrections. On appeal, Deloach asserts the following two issues, stated verbatim: "(1) whether the trial court committed reversible error in failing to grant the submitted jury instruction on the alternate defense and/or lesser-included offense theory of the case, and (2) whether the trial court erred in failing to sua sponte declare a mistrial for ineffective assistance of counsel." Finding no error in the trial court's decision, we affirm.

FACTS
¶ 2. On February 14, 2005, the Full Gospel Ministry Church in Lowndes County, Mississippi was burglarized. Detective Louis Alexander responded to the call and noticed that the side door of the church appeared to have been kicked in. He entered the church and was led into the church office. There, he found papers on the floor, and it appeared that the room had been ransacked. There was no defacing of the property, but it appeared that the room had been searched. Nothing of value appeared to have been taken from the church. However, Detective Alexander located two checks pulled out of a checkbook, and the checks were signed "Jerry Deloach."
*402 ¶ 3. A church member identified Deloach as one of the church's parishioners, and Detective Alexander questioned Deloach about the incident. Deloach admitted that he attended the church, but he denied burglarizing the church or signing his name on the checks.
¶ 4. Maxine Hall, the church's pastor, was interviewed and stated that she had known Deloach for two or three years prior to the incident. The Sunday before the burglary, Deloach had approached the pastor after church and asked for two hundred dollars to assist in purchasing a car. The pastor led Deloach back to the church's finance department. The pastor testified that she received the money from the finance department and gave Deloach cash money. She instructed Deloach to sign a blank check on the endorsement line as a method of keeping a record for the church's receipts. She testified that she did not authorize Deloach to sign the two checks that were found on the desk the day of the burglary.
¶ 5. Later, Deloach was formally interviewed by the Columbus Police Department. At this time, Deloach was not under arrest, but he was held on a previous grand larceny charge. Two investigators, Detective Alexander and Detective Louis Greggs, were present at the interrogation. This interrogation was filmed, and the DVD was viewed in the presence of the jury.
¶ 6. At the beginning of the interview, Deloach denied ever being in the church on the day of the burglary. Deloach later confessed to breaking into the church. Detective Alexander prepared a written statement that was read aloud and given to Deloach to review. Deloach signed the written statement, which stated the following:
On Monday, February 14, around 2:30 p.m., I went to the Full Gospel Baptist Church on 19th Street North. This is the church I was attending for service. I kicked in the door on the south side. Once I got into the church, I started rambling through some office until I found a checkbook in one of the office[s]. My intent was to get back at my father, Jerry Brooks, who also attend[ed] the church and to steal some money. Once I saw the checkbook, I wrote my name on a check, but I did not take the check. Did not take anything from the church. I was in the church for about 20 minutes. I went back out the same door I kicked in.
¶ 7. At trial, Deloach alleged that he was coerced into making a confession to the police. He testified that he did not break into the church. Further, Deloach alleged that he only signed the statement because the detective, prior to picking him up for the interview, told him that if he did not want his parole revoked, he needed to give a statement that he entered the church. According to Deloach, the detective informed him that he would not go back to the penitentiary. This conversation was alleged to have occurred during an interview other than the one presented to the jury.
¶ 8. After jury deliberation, Deloach was found guilty of church burglary and sentenced to serve fourteen years in the custody of the Mississippi Department of Corrections. The trial judge noted that the length of Deloach's sentence was influenced, in part, by Deloach's acknowledgment during the sentencing hearing that he had burglarized the church. Deloach informed the trial court that he did not want to be sentenced to the same amount of time as someone who actually removed property during a burglary. The trial court, finding that Deloach had no regard for the necessity of being truthful to the *403 trial court, deemed that Deloach should be punished as such.
¶ 9. Deloach timely files this appeal.

DISCUSSION
I. Whether the trial court committed reversible error in failing to grant the submitted jury instruction on the alternate defense and/or lesser-included offense theory of the case.
¶ 10. Deloach's counsel submitted a jury instruction for the crime of vandalism, which was treated as a lesser-included offense instruction. Deloach argues that the trial court erred in failing to submit this instruction to the jury because the evidence showed that Deloach intended to vandalize, not steal from the church. Deloach argues that he was entitled to present this alternate, though inconsistent, theory of defense to the jury.
¶ 11. In order for a lesser-included jury instruction to be submitted to the jury, the defendant must be able to point "to evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of the lesser-included offense." Smith v. State, 907 So.2d 292, 295(15) (Miss.2005) (quoting Ladnier v. State, 878 So.2d 926, 932(¶ 21) (Miss.2004)). A trial judge will not be held in error for refusing to give a requested jury instruction that incorrectly states the law, is already sufficiently addressed in the instructions, or is without an evidentiary foundation. Id. at 295(13).
¶ 12. Deloach cites Brown v. State, 969 So.2d 891 (Miss.Ct.App.2007), reversed by Brown v. State, 969 So.2d 855, 864(¶ 27) (Miss.2007) (on the issue of hearsay and Brown's federal and state constitutional rights of confrontation), as authority that a criminal defendant is entitled to have an alternate and inconsistent defense theory presented to the jury. In Brown, the Court held that the defendant was entitled to present inconsistent and alternative theories in defense of charges of entrapment. Brown, 969 So.2d at 900(¶ 26) (citing Reddix v. State, 731 So.2d 591, 593(9) (Miss. 1999)). However, Brown was not entitled to an entrapment jury instruction, because no evidence was presented to support such an inconsistent theory. Id. The same can be said for Deloach.
¶ 13. In this case, Deloach testified on the stand that he was not in the vicinity of the church during the burglary. Given Deloach's testimony, there was no evidentiary foundation to support the jury instruction that Deloach vandalized the outside of the church instead of burglarizing the church. Jury instructions have to be supported by the evidence presented in the case. Jackson v. State, 815 So.2d 1196, 1200(7) (Miss.2002). Finding no error in the trial court's decision to deny the submitted jury instruction, this issue is without merit.
II. Whether the trial court erred in failing to sua sponte declare a mistrial for ineffective assistance of counsel.
¶ 14. Deloach claims that his trial counsel's actions during trial were per se ineffective assistance of counsel, because the defense attorney denounced Deloach's testimony as false. This, Deloach claims, had the effect of impeaching his testimony and rendering his version of the events as untrue.
¶ 15. Deloach points to the defense counsel's closing arguments, in which he stated the following:
DEFENSE COUNSEL: Okay. I am convinced that you believe from the evidence that Jerry broke in the *404 church. I am convinced from the evidence that you probably believe that Jerry strew all these papers out that's shown in the photographs . . . and create[d] a mess. But I'm convinced from the evidence that you believe that Jerry stole nothing from the church. And I'm also convinced that nothing was stolen from the church despite the fact that there's plenty there to steal according to [the pastor] and according to that videotape where Jerry told the other officer that was interviewing him.
¶ 16. Deloach argues that this statement, in light of the fact that Deloach testified he was not present at the church during the burglary, portrayed Deloach as a liar in front of the jury. Deloach also argues that the trial counsel failed to object to the detective's testimony that his investigation techniques were designed to get at the truth  affirming by the irrelevant opinion of a lay witness that Deloach was truthful in admitting to the crime during his interrogation. Because the case hinged on this confession and the defense counsel failed to object to this testimony, Deloach argues that his trial counsel affirmed that his testimony was false and assured his conviction.
¶ 17. In order for the appellate court to review ineffective assistance of counsel issues on direct appeal, the record must affirmatively show that the defendant has been denied effective assistance of counsel. If the record does not affirmatively demonstrate that counsel was ineffective, this Court should proceed to decide the case on other issues. Read v. State, 430 So.2d 832, 841 (Miss.1983). If the case is reversed on other grounds, the ineffective assistance issue is moot. Id. If the Court should otherwise affirm, it does so without prejudice to the defendant's rights to raise the ineffective assistance of counsel issue via post-conviction proceedings. Id.
¶ 18. "Only in those cases where the Court cannot decide the ineffective assistance of counsel issue on the record presented on direct appeal and in those cases where the judgment of conviction is otherwise affirmed will it be necessary actually to hold evidentiary hearings." Colenburg v. State, 735 So.2d 1099, 1102(¶ 5) (Miss.Ct.App.1999) (quoting Read, 430 So.2d at 842).
¶ 19. We review Deloach's claims to determine from the four corners of the trial record whether trial counsel's performance was ineffective. Colenburg, 735 So.2d at 1102(¶ 8). If we are able to determine from the record that trial counsel was ineffective, then it should have been apparent to the trial judge to declare a mistrial or order a new trial, sua sponte. Id.
¶ 20. The Mississippi Supreme Court has adopted the two-pronged ineffective assistance of counsel analysis as announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Colenburg, 735 So.2d at 1102(¶ 9). Under the Strickland analysis, a claimant must show that: (1) the counsel's performance was deficient and (2) the deficient performance prejudiced the claimant such that confidence in the outcome of the case was undermined. Alexander v. State, 605 So.2d 1170, 1173 (Miss. 1992).
¶ 21. From the record, Deloach fails to show that, but for his attorney's errors, there was a reasonable probability that he would have received a different result. Deloach's taped confession, where he actually confessed to committing the burglary, is the most damaging evidence.
¶ 22. Aside from this, the circumstantial evidence is very damaging as well. Deloach *405 was in the office the day prior to the burglary, when he received money from the pastor, and there were two checks found in the office with Deloach's signature on them.
¶ 23. Deloach fails to prove that his trial counsel was so deficient that the trial judge should have, sua sponte, declared a mistrial based on ineffective assistance of counsel. This issue is without merit; however, Deloach is not precluded from asserting an ineffective assistance of counsel claim through post-conviction proceedings.
¶ 24. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A CHURCH AND SENTENCE TO SERVE FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.