# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00320-COA

**TWONIA RENEE WILLIAMS A/K/A TWONIA WILLIAMS A/K/A TWONIA R. WILLIAMS**                                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF MURDER AND SENTENCED TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 03/31/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     A jury in the Harrison County Circuit Court found Twonia Williams guilty of murder.[1] The trial court sentenced Williams to life imprisonment.  Williams now appeals, asserting that (1) the evidence was insufficient to support the verdict, and (2) the verdict is against the

---

[1] An earlier conviction on the same charge had been set aside and the case remanded for a new trial in *Williams v. State*, 111 So. 3d 620 (Miss. 2013).

overwhelming weight of the evidence.  Finding no error, we affirm.

**FACTS**

¶2.     Williams and Sean Lindsay started dating in 2005.  In late November 2009, Williams discovered Sean cheating on her with another woman – Katrina Sargent.  Williams immediately kicked Sean out of her house, who immediately moved in with Katrina, her three children, and her niece, Stacey McCall.

¶3.     On the night of December 4, 2009, Williams was looking for Sean.  She was upset because she heard that Katrina was driving Sean's truck, which she had helped pay off three months prior.  Williams wanted her money back.  She called Sean several times.  He put one call on speaker phone.  Katrina's niece, Stacey, overheard Williams say she was "going to come over there and blow up everybody in the house."  Sean eventually turned his phone off, so Williams drove to Katrina's house.  She grew more upset when she saw Christmas lights on Katrina's house, because Sean, a proclaimed Muslim, never allowed Christmas lights on their house when they lived together.  Williams drove by and "saw the screen door fly open, and . . . thought maybe . . . Sean was coming out to talk with [her]."  Instead, Katrina and her niece came outside and walked toward Williams.  Stacey saw a gun in Williams's lap and told Katrina.  Williams got out of the car with the gun behind her back, asking for Sean.  Katrina and Stacey walked back towards the house, and Katrina said she was going to call the police.  Williams replied, "I don't give a f***," pointed the gun at Katrina's head, and pulled the trigger.

2

¶4. Williams was indicted for deliberate-design murder. At trial, Williams testified on her own behalf. She said that Katrina cursed at her and told her to leave, and an argument ensued. Williams admitted shooting Katrina, but said that she drove to Katrina's house to see Sean, not to shoot Katrina. Williams testified that she shot Katrina out of anger during a heated argument and with no premeditation.

¶5. The jury received instructions on murder and heat-of-passion manslaughter. Williams was found guilty of murder. Additional facts will be related in the discussion below.

## DISCUSSION

### 1. Sufficiency of the Evidence

¶6. Williams claims that there is insufficient evidence to convict her of deliberate-design murder. When reviewing the sufficiency of the evidence, "the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citation and internal quotation marks omitted). If any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found beyond a reasonable doubt that the essential elements of the crime existed, this Court will affirm the conviction. *Id*.

¶7. Mississippi Code Annotated section 97-3-19(1)(a) (Rev. 2006) defines deliberate-design murder as "[t]he killing of a human being without the authority of law by any means or in any manner . . . when done with deliberate design to effect the death of the

3

person killed, or of any human being[.]" The State must prove beyond a reasonable doubt that: "(1) the defendant killed the victim; (2) without authority of law; and (3) with deliberate design to effect his death." *Brown v. State,* 965 So. 2d 1023, 1030 (¶27) (Miss. 2007) (quotations omitted). "[D]eliberate design to kill a person may be formed very quickly, and perhaps only moments before the act of consummating the intent." *Id*. at (¶28) (citations and quotations omitted). "[D]eliberate-design connotes an intent to kill and may be inferred through the intentional use of any instrument which, based on its manner of use, is calculated to produce death or serious bodily injury." *Id*. (citation omitted).

¶8.    Williams testified that she shot Katrina in the heat of passion. Stacey testified that she heard Williams on speaker phone say she was coming over to "blow up everybody in the house." Williams arrived at Katrina's house with a loaded gun and walked onto Katrina's yard. Katrina was unarmed. Williams shot Katrina in the face right after Katrina threatened to call the police. Katrina's neighbor testified and corroborated Stacey's recitation of events. The neighbor further testified that Williams tried to provoke Katrina, and Williams shot Katrina in the head as she was walking away, towards her house. Considering the evidence in the light most favorable to the State, a rational juror could have found that the State proved deliberate-design murder beyond a reasonable doubt. Consequently, this argument has no merit.

### 2. Weight of the Evidence

¶9.    Williams argues that the guilty verdict is against the overwhelming weight of the

evidence. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). The evidence is viewed in the light most favorable to the verdict. *Id*. Williams essentially repeats the same argument raised in her first issue. Based on the evidence presented, we cannot find that allowing the verdict to stand would sanction an unconscionable injustice. This argument is without merit.

¶10. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**