# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00499-COA

JEFFERY KLECKNER A/K/A JEFFREY KLECKNER        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

DATE OF JUDGMENT: 11/12/2015
TRIAL JUDGE: HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED: UNION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: JEFFERY KLECKNER (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION: DISMISSED MOTION FOR POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED: 03/21/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Jeffrey Kleckner was convicted on September 18, 2009, on one count of touching a child for lustful purposes and three counts of sexual battery. The Union County Circuit Court sentenced him to fifteen years on the fondling charge and life on the three counts of sexual battery. His conviction was affirmed in *Kleckner v. State*, 109 So. 3d 1072, 1095-96 (¶65) (Miss. Ct. App. 2012). This Court denied rehearing, and the Mississippi Supreme Court later denied certiorari.

¶2. On September 17, 2014, the supreme court granted Kleckner's leave to file for post-

conviction relief (PCR) on the issue of his trial counsel's alleged ineffectiveness for offering or failing to object to certain exhibits.[1] Kleckner timely submitted his PCR motion, but the clerk failed to file the motion until April 2015. The motion was denied on November 15, 2015.

¶3. Kleckner did not receive a copy of the November order. On February 1, 2016, Kleckner sought a writ of mandamus from the supreme court, seeking a ruling on his PCR motion. The circuit judge ordered that Kleckner receive a copy of the order. Kleckner filed a notice of appeal two months later, stating he did not receive the order until March 21, 2016. This Court found that Kleckner had established good cause for delay and allowed him to proceed under Mississippi Rule of Appellate Procedure 2(c).

## STANDARD OF REVIEW

¶4. A motion for PCR may be summarily dismissed "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Fluker v. State*, 170 So. 3d 471, 473 (¶7) (Miss. 2015) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2007)).

## DISCUSSION

¶5. To prove his counsel was ineffective, Kleckner must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's

---

[1] All exhibits were admitted into evidence.

performance must be highly deferential." *Id*. at 689. In this case that scrutiny applies, by supreme court order, only to counsel's performance in allowing two State exhibits to be entered into evidence and in submitting four defense exhibits, which were also entered into evidence. A strong but rebuttable presumption exists that counsel's performance was effective. *Gilley v. State*, 748 So. 2d 123, 129 (¶20) (Miss. 1999). "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Quinn v. State*, 191 So. 3d 1227, 1234 (¶27) (Miss. 2016) (quoting *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984)). Second,"the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gilley*, 748 So. 2d at 129 (¶20) (quoting *Strickland*, 466 U.S. at 694). "If either prong [of *Strickland*] is not met, the claim fails." *Havard v. State*, 928 So. 2d 771, 781 (¶8) (Miss. 2006).

¶6.     In the record before this Court, the State makes much of the fact that Kleckner has not provided Exhibits S-10, S-11, D-5, D-6, D-7, or D-8 as part of the record. In his reply brief, Kleckner claims his request for those exhibits was denied. However, the record does contain a handwritten list of exhibits, which includes brief descriptions. The original record on direct appeal contains that document, a typed version of the same, as well as copies of each of the exhibits referred to in Kleckner's PCR motion. Exhibit S-10 is "Arrest Warrants (4)" and S-11 is "Warrant and Affidavit 68-2624." Exhibit D-5 is a "UCSO Report"; Exhibit D-6 is a "Report from Family Resources Center of Northeast Mississippi (The Children Advocacy

3

Center)"; Exhibit D-7 is a "Typed Report (9-10-2008)"; and Exhibit D-8 is "Affidavits (4) (682636, 682637, 682638 and 682639)." This Court takes judicial notice of the contents of the original court file on appeal, referred to above.

¶7.     "With respect to the overall performance of the attorney, counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy and cannot give rise to an ineffective[-]assistance[-]of[-]counsel claim." *Shinn v. State*, 174 So. 3d 961, 965 (¶10) (Miss. Ct. App. 2015) (citing *Carr v. State*, 873 So. 2d 991, 1003 (¶27) (Miss. 2004)). Kleckner has also failed to show how he was prejudiced by his attorney's actions. Accordingly, Kleckner's ineffective-assistance-of-counsel claim lacks merit because he fails to meet his burden as to either prong of *Strickland*.

¶8. **THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**