# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00518-COA

**HYNAM COSBY A/K/A HYMAN COSBY A/K/A**           **APPELLANT**
**HYNUM COSBY**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2024 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JERRY CAMPBELL |
| | NOAH MANASEH DRAKE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/02/2025 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2024-KA-00522-COA

**BENNIE COSBY**           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2024 |
| TRIAL JUDGE: | M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JERRY CAMPBELL |
| | NOAH MANASEH DRAKE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |

DISPOSITION:                          AFFIRMED - 12/02/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., EMFINGER AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Two brothers, Hynam Cosby and Bennie Cosby, were each indicted on two counts of sexual battery of a minor. Following a joint trial, they were found guilty, and they were each sentenced to serve thirty years for Count I and thirty years for Count II. Hynam and Bennie appealed their convictions separately, arguing (1) the trial court erred by denying their motion for a directed verdict as to both Counts I and II, (2) the trial court again erred by denying their motion for a judgment notwithstanding the verdict (JNOV), (3) the State failed to prove they were guilty beyond a reasonable doubt, (4) the trial court erred by failing to conduct a pre-trial hearing relating to the tender years exception to the hearsay rule, (5) the trial court erred in limiting their cross-examination of witnesses regarding inconsistent statements, and (6) they received ineffective assistance of counsel. On December 4, 2024, this Court granted the State's motion to consolidate their appeals because their appeals arose out of a joint trial, and their issues overlap. Finding no error, we affirm Hynam's and Bennie's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On August 28, 2023, a Warren County grand jury indicted Hynam and Bennie each on two counts of sexual battery for allegedly engaging in the act of sexual penetration with the victim, M.D.,[1] occurring from April through May 2019 and from April through May

---

[1] In the interest of privacy, we use initials for the minor victim.

2020. According to testimony at trial, M.D. disclosed to her father that her mother, who had pled guilty to sex trafficking, allowed Hynam and Bennie to sexually abuse her when she was eleven and twelve years old. After M.D.'s father reported the disclosure, M.D. participated in a Child Advocacy Center (CAC) interview, during which she described the sexual abuse. During the interview, M.D. stated that Hynam would lick her "on the inside" of her vagina, take photos of her naked body, and on one occasion, he inserted his finger into her vagina. Once they were done, she stated that her mother would ask her to go to Bennie's house, and he would also lick her vagina "on the inside" and take photos of her naked body.

¶3.     During the trial, M.D.'s mother testified that she started having sex with Hynam and Bennie in exchange for money. She also testified that they were persistently asking questions about her daughter, so she allowed them to "go down on" her daughter when she was eleven and twelve years old in exchange for money. The State also presented testimony from M.D.'s father, M.D.'s brother, Lieutenant Stacy Rollinson (who interviewed M.D. and her mother), and Angela Kendrick Bradley from the CAC.

¶4.     After the State presented its case, Hynam and Bennie moved for a directed verdict, which the trial court denied. They proceeded to present their case-in-chief by testifying in their own defense. At the conclusion of trial, the jury convicted Hynam and Bennie on both counts. Hynam and Bennie thereafter filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. They claimed that the evidence was insufficient to support their convictions for sexual battery. Hynam and Bennie further claimed that they were entitled to a new trial based on numerous errors by the trial court. Additionally, Hynam and

3

Bennie claimed that they received ineffective assistance of counsel.[2] The trial court denied the motion.

## DISCUSSION

### I. Motion for a Directed Verdict and Motion for a JNOV

¶5. Hynam and Bennie moved for a directed verdict at the close of the State's case-in-chief, which the trial court denied, but failed to renew their motion at the conclusion of all the evidence. Their attorney filed a post-trial motion challenging the sufficiency of the evidence in a motion for a JNOV, which was ultimately denied. On appeal, Hynam and Bennie argue that the trial court erred when it denied their motion for a directed verdict as to both counts of sexual battery and when the court denied their motion for a JNOV. Our standard of review for denials of a motion for a directed verdict or JNOV is the same in challenges to the legal sufficiency of the evidence presented at trial. "In the absence of a renewal of the directed verdict, a request for a peremptory instruction, or a motion for a [JNOV], [a defendant] has waived" his right to challenge the first sufficiency ruling. *Brown v. State*, 407 So. 3d 239, 251 (¶42) (Miss. Ct. App. 2024). Although Hynam and Bennie did not renew their motion for a directed verdict after they presented evidence, they did file a motion for a JNOV. Therefore, their challenge to the sufficiency of the evidence on appeal is preserved.

¶6. "In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable

---

[2] Notably, Hynam and Bennie's lawyers at trial were the same lawyers on appeal.

inferences that can be reasonably drawn from the evidence." *Reed v. State*, 956 So. 2d 1110, 1111 (¶6) (Miss. Ct. App. 2007).

¶7. Hynam and Bennie contend that all the evidence against them was circumstantial. A circumstantial evidence case is one where the State is "without a confession and wholly without eyewitnesses to the gravamen of the offense charged." *Garret v. State*, 921 So. 2d 288, 291 (¶17) (Miss. 2006) (quoting *Kniep v. State*, 525 So. 2d 385, 392 (Miss.1988)). In the case before us, not only did the State offer direct evidence in the form of M.D.'s testimony, but her testimony was supported by other witnesses.

¶8. Hynam and Bennie also argue that there was no physical evidence presented to prove beyond a reasonable doubt that they sexually penetrated M.D. "'Sexual penetration' includes . . . any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." *Dewberry v. State*, 407 So. 3d 269, 279 (¶41) (Miss. Ct. App. 2025) (citing Miss. Code Ann. § 97-3-97(a) (Rev. 2020)). Under our sexual battery statutes, the union or contact between a person's mouth and the genital opening of a woman is the equivalent of "sexual penetration." *Johnson v. State*, 626 So. 2d 631, 633 (Miss. 1993) (holding that proof of contact, skin to skin, between a person's mouth, lips, or tongue and the genital opening of a woman's body, whether by kissing, licking, or sucking, is sufficient proof of "sexual penetration" within the meaning and purview of Mississippi Code Annotated section 97-3-97(a)).

¶9. M.D.'s interview with Angela Kendrick Bradley from the CAC was presented to the

jury. In that interview, M.D., who was fifteen years old at the time, described to Bradley in detail what happened. She said that her mother would say they were going to go clean a house, when she, her mother, and her brother would go see Hynam and Bennie. According to M.D., the brothers, Hynam and Bennie, lived on the same property. When M.D. and her family arrived, her mother would first tell her to go into Hynam's house. Once in the house, Hynam would instruct her to get undressed and lie on the bed. M.D. stated that Hynam would lick her "on the inside" of her vagina and take photos of her naked body, and on one occasion, he inserted his finger into her vagina. Once they were done, she stated that her mother would ask her to go to Bennie's house. M.D. said Bennie would also ask her to take her clothes off, and he would also lick her vagina "on the inside" and take photos of her naked body. When Bradley asked her to identify on a drawing what part of their body touched which part of her body, she circled the mouth on the male drawing and the vagina on the female drawing. M.D. also stated that she saw Bennie and Hynam give her mother money afterward, and her mother would tell her not to tell anyone. M.D.'s statements were corroborated by her mother, who was present during these acts of sexual abuse. Bradley also testified that M.D.'s interview was consistent with that of a child who had been sexually abused.

¶10.    The record reveals sufficient evidence was presented for a rational juror to find Hynam and Bennie engaged in sexual penetration beyond a reasonable doubt. Therefore, we find that the State presented sufficient evidence to support Hynam's and Bennie's convictions of two counts of sexual battery each.

6

## II. Limiting Cross-Examination

¶11. Next, Hynam and Bennie argue that the trial court erred by preventing them from presenting evidence of the alleged victim's prior inconsistent statements. However, they fail to cite any relevant authority regarding the issue of limiting their cross-examination of M.D. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Arrington v. State*, 267 So. 3d 753, 756 (¶9) (Miss. 2019); *see also Minor v. State*, 402 So. 3d 1272, 1287 (¶59) (Miss. 2025) (finding no error when the trial court did all that it was asked to do). "In the absence of meaningful argument and citation of authority, this Court generally will not consider the assignment of error." *Rash v. State*, 416 So. 3d 1024, 1036 n.7 (Miss. Ct. App. 2025). Therefore, this issue is waived.

¶12. Although the claim is waived, we find that the trial court correctly limited Hynam and Bennie's cross-examination of M.D. "While defense counsel has wide latitude in cross-examination, 'the trial court in its discretion has the inherent power to limit cross-examination to relevant matters.'" *Davis v. State*, 351 So. 3d 978, 981 (¶11) (Miss. Ct. App. 2022). "We review a circuit court's limitation of cross-examination due to relevancy for an abuse of discretion." *Id*.

¶13. At trial, Hynam and Bennie attempted to elicit testimony from M.D. about previous alleged acts of sexual abuse against her. Hynam and Bennie tried to demonstrate that M.D. made inconsistent statements regarding other instances of sexual abuse with other people on a separate occasion.[3] The trial court found that this line of questioning was inadmissible

---

[3] In an attempt to highlight prior inconsistent statements M.D. allegedly made during the forensic interview, the record reveals questions regarding whether M.D.'s mother made

under Mississippi Rules of Evidence 412(a). Mississippi Rule of Evidence 412(a) states, in part: "The following is not admissible in a criminal case involving an alleged sexual offense: (1) reputation or opinion evidence of a victim's past sexual behavior; and (2) evidence of a victim's past sexual behavior other than reputation or opinion, except under subdivisions (b) and (c)."

¶14.   "[Rule 412] is designed to prevent the introduction of irrelevant evidence of the victim's past sexual behavior to confuse and inflame the jury into trying the victim rather than the defendant." *Pustay v. State*, 221 So. 3d 320, 347 (¶78) (Miss. Ct. App. 2016) (quoting *Blackmon v. State*, 803 So. 2d 1253, 1258 (¶25) (Miss. Ct. App. 2002)). Rule 412 prohibits the admission of testimony of a victim's past sexual behavior with certain exceptions. The exceptions under Mississippi Rule of Evidence 412(b) include:

> (1) specific instances of a victim's past sexual behavior:
>
> > (A) with a person other than the defendant, if offered by the defendant to prove that someone else was the source of semen, pregnancy, disease, or injury;
> > (B) with the defendant, if offered by the defendant to prove consent; and
> > (C) if constitutionally required to be admitted; and
>
> (2) false allegations of sexual offenses made at any time before trial by the

---

her commit any sexual acts with other men. Cross-examination of M.D. revealed affirmative answers regarding "abuse" by other males **after** she was sexually abused by Hynam and Bennie. This testimony was appropriately limited pursuant to Rule 412. Absent an offer of proof for the record with allegations of facts to support a prior inconsistent statement, we cannot consider the testimony being admitted for another purpose. *See Roberson v. State*, 61 So. 3d 204, 221 (¶22) (Miss Ct. App. 2010) (finding a defendant who failed to make an offer of proof was not entitled to introduce evidence that a victim made prior false accusations, and the victim's alleged prior sexual conduct would not fall under any exceptions under Mississippi Rule of Evidence 412).

victim.

In the case before us, even if defense counsel had filed a motion as required by Rule 412, it is clear from the record before us that the elicited testimony would not fall into any exceptions listed in Rule 412 and would not have been admissible pursuant to Rule 412. *See Barnes v. State*, 348 So. 3d 974, 991 (¶42) (Miss. Ct. App. 2022). Accordingly, we find the trial court did not abuse its discretion by limiting the cross-examination of M.D. and finding that the evidence was inadmissible.

### III.    Tender Years Exception

¶15.    Hynam and Bennie argue that the trial court erred in admitting M.D.'s hearsay statements at trial without making a necessary finding that M.D. was of tender years. "The standard of review for the admission of hearsay evidence is abuse of discretion." *Beale v. State*, 361 So. 3d 673, 682 (¶40) (Miss. Ct. App. 2022). The tender-years hearsay exception is set forth in Rule 803(25) of the Mississippi Rules of Evidence, as follows:

> Tender Years Exception. A statement by a child of tender years describing any act of sexual contact with or by another is admissible if:
>> (A) the court—after a hearing outside the jury's presence—determines that the statement's time, content, and circumstances provide substantial indicia of reliability; and
>> (B) the child either:
>>> (i) testifies; or
>>> (ii) is unavailable as a witness, and other evidence corroborates the act.

*Austin v. State*, 282 So. 3d 545, 551 (¶18) (Miss. Ct. App. 2019). When the declarant is twelve years old or older, however, there is no such presumption. *Id*. Under these circumstances, "the trial court must make a determination as to whether the [declarant] is of

9

tender years. This determination should be made on the record and based on a factual finding as to the victim's mental and emotional age." *Id*.

¶16.    In this case, M.D. was fifteen years old when she made the statements about Hynam's and Bennie's sexual abuse to her father and during the CAC interview. Our review of the record reveals that the trial court did not hold a tender years hearing; however, the State and the defense submitted an order agreeing that M.D. was of tender years and that her out-of-court statements were admissible, which the court entered. "A defendant cannot complain on appeal of alleged errors invited or induced by himself." *Richards v. State*, 283 So. 3d 1151, 1158 (¶19) (Miss. Ct. App. 2019) (quoting *Caston v. State*, 823 So. 2d 473, 502 (¶101) (Miss. 2002)). Therefore, we find the trial court did not abuse its discretion by admitting M.D.'s out-of-court statements.

### IV.    Ineffective Assistance of Counsel

¶17.    Hynam and Bennie allege their trial counsel was ineffective (1) by not filing the required written motion to admit evidence, consistent with Rule 412 of the Mississippi Rules of Evidence; (2) by completing an agreed order the morning of trial to change the dates in his indictment from 2018 to 2020; (3) by failing to get the youth court authorization for certain disclosures by Mississippi Department of Child Protection Services; (4) by failing to effectively request and preserve a motion for a directed verdict; (5) by failing to object to testimony elicited from witnesses for the State; and (6) allowing the trials to be consolidated because the evidence against each defendant was different.

¶18.    To prove their counsel was ineffective, Hynam and Bennie must show (1) their

counsel's performance was deficient, and (2) the deficient performance prejudiced their defense. *Kleckner v. State*, 230 So. 3d 1042, 1043-44 (¶5) (Miss. Ct. App. 2017). "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (quoting *Quinn v. State*, 191 So. 3d 1227, 1234 (¶27) (Miss. 2016)).

¶19. "[G]enerally, ineffective-assistance of counsel claims are more appropriately brought during post-conviction proceedings. This Court will address such claims on direct appeal when [1] the record affirmatively shows ineffectiveness of constitutional dimensions, or [2] the parties stipulate that the record is adequate and the Court determines that the findings of fact by a trial judge able to consider the demeanor of witnesses, etc.[,] are not needed. This Court has also resolved ineffective-assistance-of-counsel claims on direct appeal when the record affirmatively shows that the claims are without merit." *Ross v. State*, 288 So. 3d 317, 324 (¶29) (Miss. 2020) (citations and internal quotation marks omitted).

¶20. Reviewing the record on appeal, with the exception of Hynam and Bennie's claim regarding the renewal of a motion for directed verdict, we cannot conclude whether trial counsel was constitutionally ineffective or whether their claims are completely without merit. Furthermore, the State did not stipulate that the record is adequate for this Court to review Hynam and Bennie's ineffective assistance of counsel claims. *Cf. Deloach v. State*, 977 So. 2d 400, 404 (¶18) (Miss. Ct. App. 2008) ("Only in those cases where the Court cannot decide the ineffective assistance of counsel issue on the record presented on direct appeal and in those cases where the judgment of conviction is otherwise affirmed will it be necessary

actually to hold evidentiary hearings." (quoting *Colenburg v. State*, 735 So. 2d 1099, 1102 (¶5) (Miss. Ct. App. 1999))). Accordingly, with the exception of the claim regarding the renewal of the directed verdict motion, we dismiss their ineffective assistance claims without prejudice so that they may raise them by filing an application for leave to seek post-conviction collateral relief (PCR). *See Callahan v. State*, 426 So. 2d 801, 806 (Miss. 1983). Hynam and Bennie may assert their claim through a PCR motion filed in the trial court if they first seek and obtain leave from the Mississippi Supreme Court. *Robinson v. State*, 384 So. 3d 505, 511 (¶21) (Miss. 2024). If the Supreme Court grants Hynam and Bennie leave to file and if their PCR application states a prima facie claim, then they will be entitled to an evidentiary hearing on the merits of the issue in the trial court. *Powers v. State*, 371 So. 3d 629, 657 (¶83) (Miss. 2023); *see also Archer v. State*, 986 So. 2d 951, 957 (¶22) (Miss. 2008).

¶21.    As it pertains to the absence of a renewal of the motion for a direct verdict, our Supreme Court has held that counsel's failure to renew a motion for a directed verdict does not constitute ineffective assistance of counsel. *Brooks v. State*, 203 So. 3d 1134, 1139 (¶21) (Miss. 2016). As we previously stated, Hynam and Bennie's challenge to the sufficiency of the evidence on appeal was preserved because the JNOV motion allowed the trial court the opportunity to review the sufficiency of the State's evidence. *See id*. We find that the failure to renew the motion for a directed verdict at the close of the defense's case was not ineffective assistance of counsel.

**CONCLUSION**

12

¶22.   For the foregoing reasons, we affirm Hynam's and Bennie's convictions and sentences for two counts each of sexual battery.

¶23.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**